1

2

3

4

5

6                       **UNITED STATES DISTRICT COURT**
                           **DISTRICT OF NEVADA**
7

8    ECOMARES INCORPORATED,            )        3:06-CV-0102-BES (VPC)
                                       )
9            Plaintiff,                )
                                       )        **REPORT AND RECOMMENDATION**
10           vs.                       )        **OF U.S. MAGISTRATE JUDGE**
                                       )
11   ANGELINA OVCHARIK aka             )
     ANGELINA SCHAEFER,                )
12                                     )
             Defendant.                )
13   _____ )
                                       )
14   AND RELATED CLAIMS                )
     _____ )
15

16           Before the court is the motion of Robison Belaustegui, Shartp & Low, and Michael E. Sullivan

     ("law firm") to convert attorney's lien into judgment (#76) for legal services rendered to
17
     defendant/counterclaimant, Angelina Ovcharik aka Angelina Schaefer ("Ms. Schaefer"). This report and
18
     recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action
19
     was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), the Local Rules
20
     of Practice, LR IB 1-4, and by order of the court (#77). Ms. Schaefer opposed (#78), and the law firm
21
     replied (#80).[1]
22
     **I.      History and Procedural Background**
23
             Ms. Schaefer retained the law firm as her counsel of record on March 29, 2006; thereafter, Ms.
24
     Schaefer filed a motion to substitute new counsel on November 28, 2006, which this court granted (#86).
25

26           [1]Thereafter, Ms. Schaefer file a motion to file sur-reply (#83), contending that in its reply, the
     law firm advanced a different legal theory for an award of attorney's fees under *Gordon v. Stewart,* 74
27   Nev. 115, 324 P.2d 234 (1958). The law firm opposed (#84). The court agrees that the law firm made
     a new argument in support of attorney's fees in its reply brief; therefore, Ms. Schaefer's motion to file
28   sur-reply (#83) is granted by separate minute order.

1  Pursuant to N.R.S. 18.015(2), the law firm filed a notice of lien for attorney's fees and costs (#72). On

2  December 28, 2006, the law firm filed its motion to convert attorney's lien into judgment by which it

3  seeks a judgment in the amount of $12,447.97 for attorney's fees, costs and interest pursuant to N.R.S.

4  18.015 (#76).  Attached to the law firm's motion is a letter agreement between the law firm and Ms.

5  Schaefer for legal services (#76, Ex. 2), as well as an itemized statement of legal services rendered,

6  including the date services were rendered, the attorney who completed each task, a description of the

7  legal services, the hours billed, and the attorney's fees incurred for each task (#76, Ex. 3).

8       Ms. Schaefer admits that she retained new counsel in this action based upon her dissatisfaction

9  with the law firm's legal services, and she attests that she is pursuing fee dispute resolution with the

10  State Bar of Nevada (#78, affidavit of Ms. Schaefer.) The parties agree that no verdict, judgment or

11  decree has yet been entered in this matter.

12       **II.       Discussion and Analysis**

13       N.R.S. 18.015(1) allows at attorney to have a lien "for the amount of any fee which has been

14  agreed upon by the attorney and client."  An attorney must first file a notice of the lien in writing and

15  claim the amount of the lien and the interest in which the attorney has in the action. N.R.S. 18.015(2).

16  After the notice is filed and served, the attorney having a lien may file a motion to adjudicate the rights

17  of the attorney, client, or other parties to enforce the lien. N.R.S. 18.015(4).  The lien attaches to "any

18  verdict, judgment or decree entered and to any money or property which is recovered on account of the

19  suit or other action, from the time of the services of the notice required by [N.R.S. 18.015]." N.R.S.

20  18.015(4).  The statute is silent concerning when a motion to convert attorney's lien to judgment is to

21  be filed, but implicit in the plain meaning of the statute is that the attorney's lien will attach to any

22  verdict, judgment or decree entered in the action from which the attorney's fees arise. An attorney's lien

23  for fees is simply security for that attorney's right to compensation on the contractual terms agreed by

24  the parties. *Gordon v. Stewart,* 74 Nev. 115, 117, 324 P.2d 234, 235 (1958).

25       Nevada recognizes that "the court in the action in which the attorney's services were rendered

26  has incidental jurisdiction to resolve disputes between a litigant and his attorney relative to the

27  establishment of an attorney's lien." *Earl v. Las Vegas Auto Parts, Inc.,* 73 Nev. 58, 307 P.2d 781

28

1   (1957). However, there are several Nevada cases that make distinctions about circumstances concerning

2   the timing and adjudication of an attorney's lien.  The law firm relies on *Gordon v. Stewart* for the

3   argument that this court has jurisdiction to adjudicate the attorney's lien and convert it to a judgment

4   now to relieve the law firm of the burden of filing an independent lawsuit to recover of its breach of

5   contract claim under the fee agreement.   In *Gordon v. Stewart,* two attorneys withdrew as counsel for

6   a party, and they sought recovery of their attorney's fees against their former client. Because the client

7   conceded that he breached the fee agreement and that his discharged attorneys were entitled to recover

8   in quantum meruit, the court found that his former counsel were entitled to repudiate the fee agreement

9   and have compensation fixed in quantum meruit for the reasonable value of services actually performed,

10  and it entered judgment accordingly. Based upon these circumstances, the court on appeal affirmed the

11  district court's entry of a personal judgment against the client and allowed the attorneys to enforce it

12  without regard to their lien.  *Id.* at 74 Nev.115,118, 324 P.2d 234, 236.

13      The critical distinction between this action and *Gordon v. Stewart* is that Ms. Schaefer disputes

14  the amount of the fee and the legal services rendered. Where there is a dispute between the client and

15  former counsel regarding the fee requested or the legal services rendered, *Morse v. Eighth Judicial*

16  *District Court,* 65 Nev. 275, 195 P.2d 199 (1948) dictates a different result. In *Morse,* the court held that

17  where there are such disputes between the attorney and client, the trial court should properly refuse to

18  decide such issues in a summary proceeding in the pending case. *Id.* at 65 Nev. 275, 287,195 P.2d 199,

19  204.  Such is the case here, which leaves the law firm with two options.  First, it can file a separate

20  lawsuit for breach of contract to recover its fees and costs from Ms. Schaefer.  Second, having perfected

21  its attorney's lien in this action, it can await resolution of this proceeding and then seek an adjudication

22  of the lien.

23      Based on the foregoing, and for good cause appearing, this court recommends that the law firm's

24  motion to convert attorney's fees to judgment (#76) be denied.

25      The parties should be aware of the following:

26      1.      They may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules

27  of Practice, specific written objections to this Report and Recommendation within ten (10) days of

28
                                            3

1  receipt.    These objections should be titled "Objections to Magistrate Judge's Report and

2  Recommendation" and should be accompanied by points and authorities for consideration by the District

3  Court.

4

5      2.      This Report and Recommendation is not an appealable order, and any notice of appeal

6  pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

7      **III.    Recommendation**

8      This court recommends that the District Court enter an order **DENYING** the law firm's motion

9  to convert attorney's fees lien to judgment (#76).

10      DATED:  June 8, 2007.

11

12  _____

13      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28