

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ECOMARES, INCORPORATED,

    Plaintiff,

v.

ANGELINA OVCHARIK, aka ANGELINA SCHAEFER,

    Defendant.

3:06-CV-102-BES (VPC)

**ORDER**

On December 28, 2006, the law firm of Robison, Belaustegui, Sharp & Low, and Michael E. Sullivan filed a Motion to Convert Attorney's Lien into Judgment (#76). Magistrate Judge Valerie P. Cooke entered a Report and Recommendation (#117) on June 8, 2007. None of the parties filed objections to this recommendation. For the following reasons, this Court adopts and accepts the Magistrate Judge's Report and Recommendation (#117).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1) (2005). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to the Magistrate Judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."[1] Id. Nevertheless, the statute does not "require[ ] some lesser review by [this Court] when no objections are filed." Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Instead, under the statute, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."

---

[1] For an objection to be timely, a party must serve and file it within 10 days after being served with the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (2005).

1

1  Id. at 149. Similarly, the Ninth Circuit has recognized that a district court is not required to
2  review a magistrate judge's report and recommendation where no objections have been filed.
3  See United States v. Reyna-Tapia, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard
4  of review employed by the district court when reviewing a report and recommendation to which
5  no objections were made); see also Schmidt v. Johnstone, 263 F.Supp. 2d 1219, 1226 (D.
6  Ariz. 2003) (reading the Ninth Circuit's decision in Reyna-Tapia as adopting the view that
7  district courts are not required to review "any issue that is not the subject of an objection").
8  Thus, if there is no objection to a magistrate judge's recommendation, this Court may accept
9  the recommendation without review. See e.g., Johnstone, 263 F.Supp. 2d at 1226 (accepting,
10 without review, a magistrate judge's recommendation to which no objection was filed).

11    In this case, none of the parties filed an objection to the Magistrate Judge's Report and
12 Recommendation. Because no objections were filed, this Court is not required to review the
13 Report and Recommendation, and therefore accepts it.

14    IT IS HEREBY ORDERED that this Court adopts and accepts the Magistrate Judge's
15 Report and Recommendation (#117). Therefore, in accordance with the Report and
16 Recommendation, the Motion to Convert Attorney's Lien into Judgment (#76) is DENIED.

17    DATED this ~~20th~~ 2nd day of ~~June~~ July, 2007.

_____

UNITED STATE DISTRICT JUDGE

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ECOMARES INCORPORATED, | 3:06-CV-0102-BES (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| ANGELINA OVCHARIK aka ANGELINA SCHAEFER, | |
| Defendant. | |
| AND RELATED CLAIMS | |

Before the court is the motion of Robison Belaustegui, Sharp & Low, and Michael E. Sullivan ("law firm") to convert attorney's lien into judgment (#76) for legal services rendered to defendant/counterclaimant, Angelina Ovcharik aka Angelina Schaefer ("Ms. Schaefer"). This report and recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), the Local Rules of Practice, LR IB 1-4, and by order of the court (#77). Ms. Schaefer opposed (#78), and the law firm replied (#80).[1]

### I. History and Procedural Background

Ms. Schaefer retained the law firm as her counsel of record on March 29, 2006; thereafter, Ms. Schaefer filed a motion to substitute new counsel on November 28, 2006, which this court granted (#86).

---

[1] Thereafter, Ms. Schaefer file a motion to file sur-reply (#83), contending that in its reply, the law firm advanced a different legal theory for an award of attorney's fees under *Gordon v. Stewart*, 74 Nev. 115, 324 P.2d 234 (1958). The law firm opposed (#84). The court agrees that the law firm made a new argument in support of attorney's fees in its reply brief; therefore, Ms. Schaefer's motion to file sur-reply (#83) is granted by separate minute order.

1  Pursuant to N.R.S. 18.015(2), the law firm filed a notice of lien for attorney's fees and costs (#72). On December 28, 2006, the law firm filed its motion to convert attorney's lien into judgment by which it seeks a judgment in the amount of $12,447.97 for attorney's fees, costs and interest pursuant to N.R.S. 18.015 (#76). Attached to the law firm's motion is a letter agreement between the law firm and Ms. Schaefer for legal services (#76, Ex. 2), as well as an itemized statement of legal services rendered, including the date services were rendered, the attorney who completed each task, a description of the legal services, the hours billed, and the attorney's fees incurred for each task (#76, Ex. 3).

Ms. Schaefer admits that she retained new counsel in this action based upon her dissatisfaction with the law firm's legal services, and she attests that she is pursuing fee dispute resolution with the State Bar of Nevada (#78, affidavit of Ms. Schaefer.) The parties agree that no verdict, judgment or decree has yet been entered in this matter.

## II. Discussion and Analysis

N.R.S. 18.015(1) allows at attorney to have a lien "for the amount of any fee which has been agreed upon by the attorney and client." An attorney must first file a notice of the lien in writing and claim the amount of the lien and the interest in which the attorney has in the action. N.R.S. 18.015(2). After the notice is filed and served, the attorney having a lien may file a motion to adjudicate the rights of the attorney, client, or other parties to enforce the lien. N.R.S. 18.015(4). The lien attaches to "any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of the services of the notice required by [N.R.S. 18.015]." N.R.S. 18.015(4). The statute is silent concerning when a motion to convert attorney's lien to judgment is to be filed, but implicit in the plain meaning of the statute is that the attorney's lien will attach to any verdict, judgment or decree entered in the action from which the attorney's fees arise. An attorney's lien for fees is simply security for that attorney's right to compensation on the contractual terms agreed by the parties. *Gordon v. Stewart*, 74 Nev. 115, 117, 324 P.2d 234, 235 (1958).

Nevada recognizes that "the court in the action in which the attorney's services were rendered has incidental jurisdiction to resolve disputes between a litigant and his attorney relative to the establishment of an attorney's lien." *Earl v. Las Vegas Auto Parts, Inc.*, 73 Nev. 58, 307 P.2d 781

2

1  (1957). However, there are several Nevada cases that make distinctions about circumstances concerning
2  the timing and adjudication of an attorney's lien. The law firm relies on *Gordon v. Stewart* for the
3  argument that this court has jurisdiction to adjudicate the attorney's lien and convert it to a judgment
4  now to relieve the law firm of the burden of filing an independent lawsuit to recover of its breach of
5  contract claim under the fee agreement. In *Gordon v. Stewart,* two attorneys withdrew as counsel for
6  a party, and they sought recovery of their attorney's fees against their former client. Because the client
7  conceded that he breached the fee agreement and that his discharged attorneys were entitled to recover
8  in quantum meruit, the court found that his former counsel were entitled to repudiate the fee agreement
9  and have compensation fixed in quantum meruit for the reasonable value of services actually performed,
10 and it entered judgment accordingly. Based upon these circumstances, the court on appeal affirmed the
11 district court's entry of a personal judgment against the client and allowed the attorneys to enforce it
12 without regard to their lien. *Id.* at 74 Nev.115,118, 324 P.2d 234, 236.

13     The critical distinction between this action and *Gordon v. Stewart* is that Ms. Schaefer disputes
14 the amount of the fee and the legal services rendered. Where there is a dispute between the client and
15 former counsel regarding the fee requested or the legal services rendered, *Morse v. Eighth Judicial*
16 *District Court,* 65 Nev. 275, 195 P.2d 199 (1948) dictates a different result. In *Morse,* the court held that
17 where there are such disputes between the attorney and client, the trial court should properly refuse to
18 decide such issues in a summary proceeding in the pending case. *Id.* at 65 Nev. 275, 287,195 P.2d 199,
19 204. Such is the case here, which leaves the law firm with two options. First, it can file a separate
20 lawsuit for breach of contract to recover its fees and costs from Ms. Schaefer. Second, having perfected
21 its attorney's lien in this action, it can await resolution of this proceeding and then seek an adjudication
22 of the lien.

23     Based on the foregoing, and for good cause appearing, this court recommends that the law firm's
24 motion to convert attorney's fees to judgment (#76) be denied.

25     The parties should be aware of the following:

26     1.     They may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules
27 of Practice, specific written objections to this Report and Recommendation within ten (10) days of

28                                              3

1  receipt. These objections should be titled "Objections to Magistrate Judge's Report and
2  Recommendation" and should be accompanied by points and authorities for consideration by the District
3  Court.

5  2. This Report and Recommendation is not an appealable order, and any notice of appeal
6  pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

### III. Recommendation

This court recommends that the District Court enter an order **DENYING** the law firm's motion to convert attorney's fees lien to judgment (#76).

DATED: June 8, 2007.

*Valerie P. Cooke*

UNITED STATES MAGISTRATE JUDGE

4