**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ECOMARES INCORPORATED, | ) | 3:06-CV-0102-BES (VPC) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| ANGELINA OVCHARIK aka ANGELINA | ) | |
| SCHAEFER, | ) | |
| Defendant. | ) | June 18, 2008 |
| _____ | ) | |
| | ) | |
| AND RELATED CLAIMS | ) | |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendant's motion for order to show cause (i) why plaintiff Ecomares, Inc. should not be held in contempt, and (ii) why sanctions, including dismissal, should not be entered under F.R.C.P. 37(b) (#152).  No opposition to this motion was filed by plaintiff.

**I.  HISTORY & PROCEDURAL BACKGROUND**

This action commenced on February 24, 2006 (#2).  Since that time, plaintiff has been represented by six different attorneys from three law firms (#s 69 & 151).  The court advised plaintiff in its November 26, 2007 order granting withdrawal of counsel that "as a general rule, a party may not proceed without counsel on behalf of artificial entities.  28 U.S.C. § 1654." (#151).  Plaintiff was ordered to file a substitution of counsel on or before January 10, 2008 and cautioned that if it failed to do so the court would *sua sponte* issue a report and recommendation to the District Court that this case be dismissed on that ground.  *Id.*  To date, plaintiff has failed to obtain counsel.

On December 10, 2007, defendant filed a motion for order to show cause (i) why plaintiff Ecomares, Inc. should not be held in contempt, and (ii) why sanctions, including dismissal,

1   should not be entered under F.R.C.P. 37(b) (#152).  Defendant cited plaintiff's failure to produce

2   the personal most knowledgeable to plaintiff for a Fed.R.Civ.P. Rule 30(b)(6) deposition on or

3   before November 30, 2007 as ordered by the court in its September 11, 2007 order (#142).

4   Plaintiff failed to file an opposition to the motion for order to show cause and the court issued an

5   order setting a show cause hearing on April 3, 2008 (#156).

6        On April 3, 2008, the court commenced the show cause hearing (#159).  A representative

7   of the plaintiff, Dieter Kloth, appeared at the hearing.  *Id.*  The court advised the parties that it had

8   been in contact with Judge Zive at the United States Bankruptcy Court and was aware that there

9   was a hearing set in May 2008 regarding plaintiff's petition for recognition of a bankruptcy action

10  it had filed in Germany.  *Id.*  The court determined that it would continue the hearing until after

11  the hearing scheduled in bankruptcy court.  *Id.*  Defendant was ordered to file a status report

12  following the hearing in bankruptcy court.  *Id.*  The court also advised Dieter Kloth that plaintiff

13  cannot appear in a proceeding without representation by a lawyer and advised that to the extent

14  plaintiff wanted to file a paper with respect to the effect the bankruptcy proceeding may have on

15  this case, such paper must be filed by an attorney no later than May 16, 2008. *Id.*

16       On May 12, 2008, defendant filed a status report advising that the plaintiff had stipulated

17  with a third-party to dismiss its petition for recognition of foreign proceeding in bankruptcy court

18  and an order dismissing the petition was entered on May 6, 2008 (#160).  Therefore, no action

19  is pending in bankruptcy court and no stay has been sought in this proceeding.  Plaintiff filed no

20  paper with respect to the effect the bankruptcy proceeding in Germany may have on this case.

21                     **II.  DISCUSSION & ANALYSIS**

22  **A.   Sanctions under Fed.R.Civ.P. 37(b) and (d)**

23       When considering sanctions the court turns to Fed.R.Civ.P. 37(b) and (d) which state, in

24  pertinent part, as follows:

25         **(b) Failure to Comply with a Court Order.**
                          * * * * *

26         **(2) Sanctions in the District Where the Action is Pending**
          (A) *For Not Obeying a Discovery Order.*  If a party or a party's

27         officer, director, or managing agent – or a witness designated under Rule
       30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit

28         discovery, including an order under Rule 26(f), 35, or 37(a), the court

where the action is pending may issue further just orders.  They may include the following:

* * * * *

(v) dismissing the action or proceeding in whole or in part;

**(d) Party's Failure to Attend Its Own Deposition . . .**

* * * * *

(A) *Motion; Grounds for Sanctions*.  The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) fails, after being served with proper notice, to appear for that person's deposition.

## B.   Analysis

On September 11, 2007 the court ordered that defendant be allowed to conduct the Rule 30(b)(6) deposition of one representative of plaintiff (#142).  Counsel were ordered to meet and confer as to the date and time of this deposition and to complete the deposition no later than Friday, November 30, 2007.  *Id.*  Plaintiff's former counsel, Mr. Gunderson, was to notify the court if any scheduling problems occurred and the court would then set an expedited hearing.  *Id.*

Counsel met and conferred and set the date for the Rule 30(b)(6) deposition for November 14, 2007 (#152, Exs. B, C, & D).  On November 5, 2007, plaintiff's former counsel sent a letter to defendant's counsel requesting that the Rule 30(b)(6) deposition be continued because "due to recent developments at Ecomares, Inc., it is unclear who has the authority to speak for, and act on behalf of Ecomares." (#152, Ex. E).  Thereafter, defendant cancelled the November 14, 2007 date (#152, Ex. F), and re-noticed the Rule 30(b)(6) for November 28, 2007 (#152, Ex. G).  On November 26, 2007, plaintiff's former counsel notified the defendant that the person now identified as the most knowledgeable was unable to attend the November 28, 2007 deposition due to a "stomach virus."  (#152, Ex. I).  Although the court had ordered the 30(b)(6) deposition to be completed by November 30, 2007, plaintiff's counsel suggested that the parties stipulate to an extension of time.  *Id.*

No attempt was made by plaintiff to contact the court as ordered (#142), to obtain a protective order pursuant to Fed.R.Civ.P. 26(c), or to take any action whatsoever.  On November 26, 2007, plaintiff's counsel's motion to withdraw was granted (#151) and plaintiff was ordered to obtain new counsel on or before January 10, 2008 or face a recommendation that this case be

3

dismissed. *Id.* To date, plaintiff has failed to obtain new counsel and has failed to file any paper in response to the motion for order to show cause.

### 1. Fed.R.Civ.P. 37(d)(2)

Fed.R.Civ.P. 37(d)(2) states:

> *(2) Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Plaintiff did not at any time seek a protective order from this court, nor did plaintiff at any time attempt to contact this court for a expedited hearing regarding the scheduling of the Rule 30(b)(6) deposition as ordered (#142). To date, plaintiff has failed to obtain counsel to represent it, has failed to respond to the motion for order to show cause, has failed to inform the court through an attorney of the effect of its foreign bankruptcy on this proceeding, and in fact, has failed to prosecute this action since November 2007.

### 2. Case Dispositive Sanctions

The United States District Court for the District of Nevada explained for purposes of case dispositive sanctions that:

> The court must consider five factors . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. **Therefore, it is the third and fifth factors that are decisive.**

*Marquis Models, Inc. v. Garrick Entm't, LLC*, 2007 WL 2904174 (D.Nev. 2007) citing *Adriana Int'l Corp. v. Theorem*, 913 F.2d 1406, 1412 (9th Cir. 1990). (Emphasis added).

### A. The Third Factor - The Risk of Prejudice to the Party Seeking Sanctions

Ecomares is the plaintiff in this action. By failing to follow the court's order and failing to appear at the Rule 30(b)(6) deposition, plaintiff has prejudiced defendant's efforts to defend herself in this action and to prosecute her counterclaim. By failing to even respond to the motion

4

1    for order to show cause, plaintiff has given defendant no option but to request a case ending

2    sanction.

3              **B.    The Fifth Factor - The Availability of Less Drastic Sanctions**

4              Plaintiff is not currently represented by counsel in this case.  Plaintiff was warned in

5    November 2007, that its failure to file a substitution of counsel would result in a report and

6    recommendation that this case be dismissed (#151).  Plaintiff was again warned in April 2008 that

7    it could not appear in a proceeding without representation by a lawyer (#159).  To date, plaintiff

8    has failed to obtain counsel and remains unrepresented in this proceeding.

9              Moreover, plaintiff has filed a bankruptcy petition in Germany, but has failed to have it

10   recognized in the United States.  Plaintiff has also failed to file any response whatsoever to the

11   motion for order to show cause or any paper concerning the effect of its foreign bankruptcy

12   proceeding.  Therefore, the court finds that less drastic sanctions are not available in this case.

13                              **III. CONCLUSION**

14             Based on the foregoing and for good cause appearing, the court concludes that plaintiff

15   failed to attend the properly noticed Fed.R.Civ.P. Rule 30(b)(6) deposition.  Therefore, this court

16   recommends that defendants' motion for order to show cause (#152) be granted, that plaintiff's

17   complaint be dismissed with prejudice (#2), and that defendant be awarded attorney's fees and

18   costs expended in preparing for the Rule 30(b)(6) deposition.  If the District Court adopts this

19   report and recommendation, the court further recommends that defendant submit a statement of

20   attorney's fees and costs for those legal services pursuant to LR 54-16 and shall file it with the

21   Clerk of the Court within fourteen days after entry of the District Court's order.

22             The parties are advised:

23             1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

24   the parties may file specific written objections to this report and recommendation within ten days

25   of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

26   Recommendation" and should be accompanied by points and authorities for consideration by the

27   District Court.

28

1    2.   This report and recommendation is not an appealable order and any notice of appeal

2  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

3  judgment.

4                                   **IV.  RECOMMENDATION**

5         **IT IS THEREFORE RECOMMENDED** that defendant's motion for order to show

6  cause (#152) be **GRANTED**, that plaintiff's complaint (#2) be **DISMISSED with prejudice**,

7  and that defendant be **AWARDED** attorney's fees and costs expended in preparing for the Rule

8  30(b)(6) deposition.  If the District Court adopts this report and recommendation, the court further

9  recommends that defendant submit a statement of attorney's fees and costs for those legal services

10  pursuant to LR 54-16 and shall file it with the Clerk of the Court within fourteen days after entry

11  of the District Court's order.

12         **DATED:** June 18, 2008.

13

14  _____

15                     **UNITED STATES MAGISTRATE JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28